**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ariel Montes-Deoca, | No. CV-20-00013-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Mark D Napier, et al., | |
| Defendants. | |

On July 21, 2021, this Court screened the Plaintiff's Second Amended Complaint (SAC). (Order (Doc. 24)). Plaintiff's SAC alleges that on November 23, 2018, he saw Defendant Streubing and complained of "seeing dark spots right eye/blurred vision for 4-5 days" and "[d]enied injury/trauma." *Id.* at 4. Defendant Streubing's examination found "'Alteration (of) sensory vision,'" and he planned to "'schedule [Plaintiff] for optometry.'" *Id.* The referral to optometry did not immediately occur and over the next several days, Plaintiff's eye condition worsened. He submitted at least two more written requests to be examined and treated, and on November 30, 2018, Plaintiff submitted a request for medical attention, stating, "'My eye is really bad now. I cannot see out of it at all.'" *Id.* In December the Plaintiff saw Defendant Doe 1 and reported a loss of vision in his right eye, but Defendant Doe 1 did not believe Plaintiff's reported symptoms and did nothing. Plaintiff alleges that Defendant Doe 1's failure to refer him for emergency/specialized treatment constituted an intentional or reckless disregard of his constitutional rights secured. Plaintiff alleges additional alleged negligent conduct by other Defendants occurred until finally,

after a surgery performed on January 31, 2019, it "'was 'too late in the progression of [Plaintiff's] condition,' the surgery was unsuccessful, resulting in a complete, presently uncorrectable loss of vision in Plaintiff's right eye.'" *Id.* at 6.

In the screening Order, the Court allowed the Fourteenth Amendment medical care claim against Doe 1 to proceed but instead of requiring service of the SAC on Defendant Doe 1, the Court allowed the Plaintiff 120 days to conduct discovery to identify the unknown identity and actual name of Defendant Doe 1. The Court directed that the Plaintiff shall substitute Doe 1's actual name by filing a "notice of substitution" or the claims against Doe 1 shall be dismissed by the Clerk of the Court.

The Court has reviewed the record in the case and finds that there has been no substitution for Defendant Doe 1.

**Accordingly,**

**IT IS ORDERED** that, pursuant to the prior directives contained in the Screening Order (Doc. 24), the Clerk of the Court shall dismiss the Defendant Doe 1.

Dated this 30th day of November, 2021.

Honorable David C. Bury
United States District Judge

- 2 -